## Appeal of FARMERS' HARDWARE CO.

Docket No. 600.    Submitted May 6, 1925.    Decided June 18, 1925.

*M. G. Eberlein, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

### Before Graupner, Trammell, and Phillips.

The taxpayer appeals from the determination by the Commissioner of a deficiency in income and profits taxes for 1918, 1919, and 1920, amounting to $3,230.87. It alleges that the Commissioner erred in refusing to allow certain alleged bad debts as deductions in the years in which the taxpayer claimed them on its return and in restoring taxpayer's inventory to cost. It further alleges error in disallowing depreciation of $546.92 for 1918, claimed on "dray account," which the Commissioner now concedes should have been allowed in the sum of $510.97.

#### FINDINGS OF FACT.

The Farmers' Hardware Co. is a Wisconsin corporation transacting business at Shawano, Wis.

Prior to September, 1918, it sold to one Hawkins merchandise which was used by him in building a house upon the Menominee Indian Reservation. This was not subject to the lien laws and so far as could be ascertained Hawkins had no property in Wisconsin. After some difficulty the taxpayer secured from Hawkins, in September, 1918, his note for $1,000 in payment of the account. This

note was payable in January, 1919, and was discounted at a local bank. When it became due efforts were made by the bank to collect it, which were unsuccessful, and in May, 1919, the taxpayer was required by the bank to pay the note as endorser. In closing its books for 1918 the taxpayer set up a reserve for bad debts, in which this note was included, and deducted the amount in computing its net income for 1918. This was disallowed by the Commissioner, who allowed the amount of the note as a deduction in computing the net income of the taxpayer for 1919.

In March, 1915, the taxpayer purchased 10 shares of the common stock of the Shawano Box Co. for $1,000. This corporation was financed by the business men of Shawano in the hope of providing another industry for that place. In February, 1917, it purchased five more shares of common stock for $500 and three shares of preferred for $116. The company was in financial difficulties at all times and during the same year there was a reorganization, as a result of which the taxpayer received in exchange for its holdings four shares of preferred and three shares of common stock of the par value of $100 each. It charged off $916 as a loss in 1917 and deducted that amount in computing its net income for that year. In September, 1919, an audit of the Shawano Box Co. was made and submitted to the stockholders which disclosed that the company was unable to pay creditors and that the stock had no equity in the assets. The company had operated for a number of years and had consistently lost money. Two individuals who were interested in the company wished to revive and reorganize it, and in December, 1919, steps were taken to reorganize the company, which called for additional assessments upon the stockholders. The directors, acting on this information, in December, 1919, directed that the stock be charged off the books as worthless, which was done. The taxpayer declined to advance additional funds and take part in the reorganization, and early in 1920 assigned its shares to the persons interested in the reorganization, without receiving any consideration for such assignment. This was also done by the other stockholders. The taxpayer claimed $916 as a loss in 1917 and $700 in 1919. The Commissioner disallowed these amounts as deductions in those years and allowed the entire investment of $1,616 as a deduction against 1920 income.

In taking its inventories on December 31, 1919, and December 31, 1920, the taxpayer first listed all items at cost. It then went through these inventories and selected the items which consisted of second-hand goods returned by the purchaser or taken in an exchange, broken lots, discontinued or obsolete lines, shopworn or defective articles, etc., and estimated the amount by which the cost exceeded the probable value. In each year it found this amount to be about

10 per cent of the inventory at cost, and accordingly reduced its inventory for each year by 10 per cent. The Commissioner refused to allow the inventories to be returned on this basis and restored them to cost. The deductions in the inventories represented the taxpayer's estimate of the amount necessary to reduce such damaged goods to the price which probably could be realized on their sale. No showing was made that the articles so reduced were offered to the public within 30 days as required by the regulations of the Commissioner with respect to shopworn or damaged goods, etc. Upon the hearing of the appeal the statements showing the original adjustments were not available, and the taxpayer attempted to sustain the adjustment of the inventory by testimony that some of the articles were subsequently sold at less than cost or were given away, but the record fails to show when these transactions took place.

The books of the taxpayer were kept, and income-tax returns made, upon an accrual basis.

### DECISION.

In computing net income for 1918 the taxpayer should be allowed as a deduction additional depreciation of $510.97 from "dray account." Otherwise, the determination of the Commissioner is approved. The deficiency should be recomputed in accordance with this decision. Final determination will be settled on consent or on 15 days' notice, as required by Rule 50.